**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**BRENDA BARRETO,**

                **Plaintiff,**              **REPORT AND**
                                      **RECOMMENDATION**

                                      **20-CV-1449 (EK)**

    -against-

**ANTHONY J. CERCIELLO,**

                **Defendant.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff Brenda Barreto ("plaintiff") has taken no action since commencing this case on March 18, 2020. See Complaint (Mar. 18, 2020) ("Compl."), Electronic Case Filing Docket Entry ("DE") #1. On June 29, 2020, this Court directed plaintiff to show cause why the case should not be dismissed for failure to effect service within 90 days, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP"), and for lack of prosecution, pursuant to FRCP 41(b). See Order to Show Cause (June 29, 2020), DE #5. Plaintiff filed a two-sentence letter in response, stating that counsel "could not find a Summons issued by the Court," which he needs in order "to serve the defendant." Letter Response (July 6, 2020), DE #6. Plaintiff did not request an extension of time to serve defendant. See id.

## DISCUSSION

      FRCP 4(c)(1) provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Service must be completed within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m). Except in circumstances not applicable here, the "plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752

(2d Cir. 2010) (internal quotation marks and citation omitted).

Here, plaintiff has not served the summons and complaint within the time prescribed. In his response to the Court's Order to Show Cause, counsel correctly identified the crux of the problem – he could not serve the defendant without a court-issued summons, which has not been issued. However, counsel ignores the fact that his failure to present a proposed summons to the Clerk of Court is the reason why no summons has issued.

Rule 4 of the FRCP provides that: "the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). The "text makes clear that the responsibility for filling in the summons falls on the plaintiff, not the clerk of the court." 1993 Advisory Committee's Notes on Fed. R. Civ. P. 4(b); see 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1084 (4th ed.) ("[T]he plaintiff, not the clerk, bears the responsibility for the preparation, presentment to the clerk, and service of the summons.").

Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In determining whether a plaintiff has shown "good cause" for failure to effect timely service, courts consider (1) the reasonableness and diligence of plaintiff's efforts to serve process, and (2) the prejudice to the defendants from the delay. See Micciche v. Kemper Nat'l Servs., 560 F.Supp.2d 204, 209 (S.D.N.Y. 2008). Good cause is generally

found only in "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." Kogan v. Facebook, Inc., 334 F.R.D. 393, 401 (E.D.N.Y. 2020) (quoting Ping Chen *ex rel*. U.S. v. EMSL Analytical, Inc., 966 F.Supp.2d 282, 306 (S.D.N.Y. 2013) (internal quotation marks omitted)).

Plaintiff has failed to offer any exceptional circumstances warranting a finding of "good cause" for failure to timely serve defendant. The only justification plaintiff offers – that the Clerk of Court did not issue a summons - is neither exceptional nor, as explained above, a circumstance beyond her control. See Abreau v. City of New York, 657 F.Supp.2d 357, 362 (E.D.N.Y. 2009) ("Counsel's apparent inadvertence or neglect cannot constitute good cause for an extension and does not excuse the failure of service, here.").

Where, as here, plaintiff fails to demonstrate good cause, district courts nevertheless retain discretion to grant an extension of time for service. See Fowler v. City of New York, 807 F.App'x 137, 139 (2d Cir. 2020); Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). In determining whether to exercise such discretion, courts consider the following factors: "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; (4) whether the defendant would be prejudiced by extending plaintiff's time for service." Kogan, 334 F.R.D. at 404 (quoting DeLuca v. AccessIT Grp., Inc., 695 F.Supp.2d 54, 66 (S.D.N.Y. 2010) (internal quotation marks omitted)).

First, the automobile accident giving rise to plaintiff's claims occurred on February 29, 2019. See Compl. ¶ 9. Given the three-year statute of limitations for negligence actions

3

under New York law, see N.Y. C.P.L.R. § 214[5], there would be no time bar to refiling the action.

As to the second factor, plaintiff has not claimed that defendant received actual notice of the claims. The third factor is inapplicable since there is no evidence that defendant knew about the filing of the complaint and, in any event, he could not have concealed an attempt at service that was never made.

The final factor is whether defendant would be prejudiced by extending the time for service. There is nothing to suggest that defendant would be unduly prejudiced if plaintiff is granted an extension of time. "Even assuming [that such] prejudice" to defendant would be "slight," plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay." Zapata, 502 F.3d at 199 (dismissing complaint for failure to timely serve despite running of statute of limitations). Indeed, the Second Circuit has affirmed dismissals for failure to serve process under similar circumstances where plaintiff's counsel neglected to submit a proposed summons to the Court. See Fowler, 807 F.App'x at 139-40 (dismissing complaint where counsel failed to arrange for summonses to issue from the Clerk of Court); Tolchin v. Cty. of Nassau, 768 F.App'x 60, 61–62 (2d Cir. 2019) (affirming the district court's denial of an extension and dismissal under Rule 4(m) where there was no "colorable excuse for the failure to timely serve process," even though the denial of an extension resulted in plaintiff's claims being barred by the statute of limitations); Harper v. City of New York, 424 F.App'x 36, 41 (2d Cir. 2011) (affirming dismissal for failure to effect timely service, where counsel failed to obtain summons, failed to serve the individual defendants with summons and

4

complaint, and let the statute of limitations run as to several defendants); see also Harmon v. Bogart, 788 F.App'x 808, 810 (2d Cir. 2019) (affirming dismissal where counsel forgot to serve process even though statute of limitations would bar refiling). After balancing the relevant factors, this Court recommends dismissing the complaint, without prejudice.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends the complaint be dismissed, without prejudice, for failure to effect timely service under Rule 4(m). Plaintiff shall promptly serve a copy of this Report and Recommendation on defendant and file proof of service.

Any objections to this Report and Recommendation must be filed with the Honorable Eric R. Komitee on or before August 7, 2020. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: Brooklyn, New York
July 24, 2020

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**